## UNITED STATES ET AL. *v.* WOO JAN.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 586.   Argued January 17, 1918.—Decided January 28, 1918.

Section 21 of the Immigration Act of February 20, 1907, c. 1134, 34 Stat. 898, empowers the Secretary of Labor, when satisfied that an alien has been found in the United States in violation of that act, or is subject to deportation under the provisions of that act or of any law of the United States, to cause such alien within the period of three years, etc., to be taken into custody and returned to the country whence he came; § 43, however, provides that the act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent.  *Held*, that § 43 preserves the judicial proceedings prescribed by the Chinese Exclusion acts for the cases to which those acts apply, and that, where the ground was a violation of the Exclusion Acts and not a violation of the Immigration Act, the summary administrative method provided by § 21 cannot be used. *United States* v. *Wong You*, 223 U. S. 67, distinguished.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Fitts* for the United States *et al.*

*Mr. Francis R. Marvin* and *Mr. Proctor K. Malin* for Woo Jan, submitted.

MR. JUSTICE MCKENNA delivered the opinion of the court.

The Immigration Act of February 20, 1907, 34 Stat. 898, provides as follows:

"Sec. 21.   That in case the Secretary of [Commerce

and] Labor shall be satisfied that an alien has been found in the United States in *violation* of this Act, or that an alien is subject to deportation under the provisions of this Act *or of any law of the United States* [italics ours], he shall cause such alien within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came. . . ."

It is provided, however (§ 43), "That this Act shall not be construed to repeal, alter or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent. . . ."

The relation of these sections has given rise to diversity of decision, district courts of different districts and circuit courts of appeals for different circuits being in opposition. *Ex parte Woo Shing* (N. D. Ohio), 226 Fed. Rep. 141, sustains the power of the Secretary of Labor exercised under § 21, and the decision was approved by the Circuit Court of Appeals for the Eighth Circuit (*Lo Pong* v. *Dunn*, 235 Fed. Rep. 510; *Sibray* v. *United States*, 227 Fed. Rep. 1). The power of the Secretary was denied in the instant case by the District Court for the Eastern District of Kentucky (228 Fed. Rep. 927), and the decision has been followed by the Circuit Courts of Appeals for the Seventh and Fifth Circuits. *United States* v. *Lem Him*, 239 Fed. Rep. 1023; *Lee Wong Hin* v. *Mayo*, 240 Fed. Rep. 368.

The Circuit Court of Appeals, reciting this diversity, certifies to this court the following questions, "(*a* in the abstract, *b* concretely)":

"(*a*) Has the Secretary of Labor, acting within three years from the last entry, jurisdiction to arrest and deport a Chinese alien upon the sole ground that he is found in this country in violation of the Chinese exclusion act?

"(*b*) Are the facts stated in Woo Jan's petition and admitted by demurrer inconsistent with any jurisdiction in the Department of Labor to cause his arrest and deportation?"

The answer that is received to "(a)" determines the answer to "(b)." In other words, if the first be answered "No," the second will necessarily be answered "Yes," the second being, as indicated by the Circuit Court of Appeals, the concrete application of the abstraction of the first.

The facts are these: The Secretary of Labor, attempting to exercise the power supposed to be conferred upon him by § 21, caused the arrest of Woo Jan as a Chinese alien unlawfully within the United States with the view and purpose of deporting him. The warrant of arrest recited "that the said alien is unlawfully within the United States in that he is found therein in violation of the Chinese Exclusion laws, and is, therefore, subject to deportation under the provisions of section 21" of the Act of Congress of February 20, 1907, amended by the Act of March 26, 1910, 36 Stat. 263. It was directed to the "Inspector in Charge, Cleveland, Ohio, or to any immigrant inspector in the service of the United States."

Woo Jan petitioned the District Court in *habeas corpus* to be discharged from the arrest, asserting his right to be and remain in the United States and setting up as grounds of it, that he was a merchant and that his status as a resident had been investigated by the authorities of the United States and established, and that there was no authority of law for the issue of the warrant. To the petition the District Attorney demurred, and the court, holding that the warrant had been issued without authority of law, ordered the discharge of Woo Jan. The case, therefore, presents to us through the questions certified the validity of the judgment.

We are admonished at the outset by the diversity of opinion that there are grounds for opposing contentions. Indeed, §§ 21 and 43 seem to be, at first impression, in irreconcilable conflict. The declaration of § 21 is that the power of the Secretary of Labor shall extend to taking into custody and returning to the country from whence

he came whoever is subject to deportation under the pro-
visions "*of any law of the United States.*"   The universal-
ity of the declaration would seem to preclude exception
and compel a single judgment.   But, passing on to § 43,
we find another law preserved and kept in function,
a function so firm and exclusive that it is provided that
the act, of which § 21 is but a part, shall not be con-
strued to "repeal, alter, or amend" it.   Let us repeat
the language—"*Provided*, That this Act shall not be
construed to repeal, alter, or amend existing laws relat-
ing to the immigration or exclusion of Chinese persons
or persons of Chinese descent."   There is, therefore, an
express qualification of the universality of § 21, indeed,
from all of the provisions of the act the Chinese Exclusion
laws are excepted.   They, the latter, are to stand in their
integrity and efficacy.   But it is asserted that they are
so left to stand and that § 21 only gives another remedy,
and *United States* v. *Wong You*, 223 U. S. 67, is cited.

First as to the assertion, then as to the cited case.
That we may estimate both we insert in the margin
the provisions of the Exclusion laws.[1]   The Government,

[1] The Act of May 6, 1882, as amended by the Act of July 5, 1884 (22
Stat. 58; 23 Stat. 115), provides that:

"From and after the passage of this act, and until the expiration of
ten years next after the passing of this act, the coming of Chinese la-
borers to the United States be, and the same is hereby, suspended, and
during such suspension it shall not be lawful for any Chinese laborer
to come from any foreign port or place, or having so come to remain
within the United States."

Section 13 of the Act of September 13, 1888, 25 Stat. 476, 479, en-
titled "An Act to prohibit the coming of Chinese laborers to the United
States," provides:

"That any Chinese person, or person of Chinese descent, found un-
lawfully in the United States, or its Territories, may be arrested
upon a warrant issued upon a complaint, under oath, filed by any
party on behalf of the United States, by any justice, judge, or com-
missioner of any United States court, returnable before any justice,
judge, or commissioner of a United States court, or before any United

confronted with those provisions, conceded at bar that the remedy of § 21 is not their equivalent. The difference is marked. It is the difference between administrative and judicial action; and the Government recognized that the difference—we might say contrast—is the step on which it "must fall down, or else o'erleap." And necessarily so. Manifestly the remedy of § 21 has not the safeguards of impartiality and providence that the remedy of the Exclusion laws has. Mere discretion prompts the first and last act of the former; the latter has the security of procedure and ultimate judgment of a judicial tribunal, where all action which precedes judgment is upon oath and has its assurance and sanctions.

The remedies are too essentially different to be concurrent. And yet we are asked to decide that the law which permits the first, that is, permits the deportation of an

States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the district court for the district."

Section 3 of the Act of March 3, 1901, 31 Stat. 1093, provides:

"That no warrant of arrest for violations of the Chinese-exclusion laws shall be issued by United States commissioners excepting upon the sworn complaint of a United States district attorney, assistant United States district attorney, collector, deputy collector, or inspector of customs, immigration inspector, United States marshal, or deputy United States marshal, or Chinese inspector, unless the issuing of such warrant of arrest shall first be approved or requested in writing by the United States district attorney of the district in which issued."

By the Act of April 29, 1902, as amended and re-enacted by § 5 of the Deficiency Act of April 27, 1904 (32 Stat., Pt. 1, 176; 33 Stat. 394, 428), "all laws . . . regulating, suspending, or prohibiting the coming of Chinese persons or persons of Chinese descent into the United States, . . . are . . . re-enacted, extended, and continued, without modification, limitation, or condition."

alien simply upon the warrant or determination of an executive officer, is not an amendment or alteration of a law which prohibits it. And there can be no doubt of the result if such decision be made. The summary and direct remedy of § 21 will always be used. No Chinese person will be given the formal procedure of the Exclusion laws with their safeguards. The cases demonstrate this and we cannot believe that Congress was insensible of it and left it possible. Nor can we ascribe to Congress a deliberately deceptive obscurity and an intention, by the use of words which can be given a double sense, to grant a right that can have no assertion. We must, indeed, assume that § 43 was intended to be sufficient of itself— fully exclusive and controlling.

We might terminate the discussion here and leave the case to the explicit language of § 43 that § 21 (to pass at once to the particular) "shall not be construed to repeal, alter, or amend existing laws relation to the immigration or exclusion of Chinese persons." The Government, however, contends, as we have seen, that this court has decided to the contrary in *United States* v. *Wong You, supra.*

The Government's understanding of the case is erroneous. It concerned Chinese persons, but not the Exclusion laws, and it was decided that such persons might offend against the Immigration Act and be subject to deportation by the Department of Labor if they should so offend. This was the extent of the decision and its language was addressed to the contention that the latter act was applicable to all persons except Chinese because of § 43. The contention was declared to be untenable, and it was untenable. The case, therefore, is different from that at bar and the opinion was considerate of the difference, that is, considerate of the difference between the Immigration Act and the Exclusion laws.

This difference must be kept in mind. The Chinese Exclusion laws have not the character or purpose of the Im-

migration Act. They are addressed under treaty stipulations [1] to laborers only. Other classes are not included in their limitation and it was provided by the treaty that the limitation or suspension of the entry of laborers should be reasonable. The questions therefore which could arise were deemed different from any under the Immigration Act, and the Exclusion laws are adapted to them and their procedure is hence saved by § 43.

We, therefore, answer question "(a)" No, and question "(b)" Yes.

*And it is so ordered.*

MR. JUSTICE CLARKE took no part in the consideration and decision of this case.

___

[1] Article I of the treaty [November 17, 1880, 22 Stat. 826] provides that whenever in the opinion of the United States the coming of Chinese laborers to the United States or their residence therein might affect the interests of the United States, it was agreed that the United States might regulate, limit or suspend such coming or residence, but not absolutely prohibit it, and that the limitation should be reasonable and apply only to laborers, other classes not being included in the limitation. Article II of the treaty is as follows:

"Chinese subjects, whether proceeding to the United States as teachers, students, merchants or from curiosity, together with their body and household servants, and Chinese laborers who are now in the United States shall be allowed to go and come at their own free will and accord, and shall be accorded all the rights, privileges, immunities, and exemptions which are accorded to the citizens and subjects of the most favored nation."