# WHITE, COMMISSIONER OF IMMIGRATION FOR THE PORT OF SAN FRANCISCO, *v.* CHIN FONG.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 506. Argued April 22, 1920.—Decided May 17, 1920.

When a Chinaman seeking to reënter this country on the ground that he was formerly engaged here as a merchant presents due evidence of his right as prescribed by the Act of November 3, 1893, c. 14, 28 Stat. 7, the immigration officials have no authority under the Exclusion Laws to ignore such evidence and exclude him upon the ground that his original entry was in violation of them. P. 91.

The Exclusion Laws provide a judicial hearing to determine the liability to deportation in such cases and a mere executive order of exclusion is void. P. 92.

258 Fed. Rep. 849, affirmed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Stewart,* with whom *Mr. H. S. Ridgely* was on the brief, for petitioner.

*Mr. Jackson H. Ralston,* with whom *Mr. George W. Hott* was on the brief, for respondent.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Certiorari to review a judgment of the Court of Appeals discharging respondent from the custody of the Commissioner of Immigration, he holding respondent for deportation as a Chinese person not entitled to be in the United States. 258 Fed. Rep. 849. The judgment of the Court of Appeals reversed that of the District Court, the latter court having remanded respondent to the custody of the Commissioner for deportation.

The evidence establishes the fact that respondent entered the United States as a merchant and was such at a fixed place of business for at least a year before his departure for China and that his stay in China was intended to be temporary. He hence contends that the Commissioner, as representing the executive branch of the Government, had no authority to determine that his original entry was unlawful. This contention the District Court ruled against and the Circuit Court of Appeals ruled in favor of, and constitutes the question in the case. The Circuit Court of Appeals, by Circuit Judge Morrow, passing upon it said: "The Acting Secretary of Labor, in approving the decision of the Commissioner of Immigration, did so upon the ground that 'the original entry of this man [respondent] was obtained by fraud;' but this was not the question submitted to the Commissioner of Immigration or to the Secretary of Labor for

decision. The question was not whether the applicant was legally admitted in 1896–1897, or 1906. The question was whether he had been a merchant in the United States at least one year before his departure from the United States in 1912 (*Chin Fong* v. *Backus*, 241 U. S. 1, 5)," and upon that question, it was decided that, "the evidence was all one way, establishing beyond controversy all the facts required by the statute and the rule of the Department of Labor."

The conclusion was that the Commissioner did not consider this evidence or pass upon it, but deciding that respondent's original entry was fraudulent, ordered his deportation. In other words, it was held that the Commissioner ignored the question presented to him and the evidence pertaining to it, reviewed and reversed the judgment of another time and tribunal, took away the right that had been exercised under it and which gave the assurance that respondent could go to China and return again. The order of deportation was, therefore, declared to be void. For this the court cited the case of *Chin Fong* v. *Backus*, *supra*, and the various statutes applicable to the exclusion of Chinese persons from entry into the United States. 22 Stat. 58; 23 Stat. 115; 25 Stat. 476; 31 Stat. 1093, and the Act of November 3, 1893, c. 14, 28 Stat. 7.

In the case of *United States* v. *Woo Jan*, 245 U. S. 552, we had occasion to consider the difference between the situation of a Chinese person in the United States, and one seeking to enter it; and held that the former was entitled to a judicial inquiry and determination of his rights, and that the latter was subject to executive action and decision. We think the distinction is applicable here, and that one who has been in the United States and has departed from it with the intention of returning, is entitled under existing legislation to have his right to do so judicially investigated with "its assurances and sanc-

tions," as contrasted with the discretion which may prompt or the latitude of judgment which may be exercised in executive action.

And such is the provision of the Act of November 3, 1893, 28 Stat. 7. It is there provided that a Chinaman who applies for admission into the United States on the ground that he was formerly engaged therein as a merchant, must establish the fact by two credible witnesses, other than Chinese, that he was such at least one year before his departure from the United States, and had not engaged during such year in any manual labor except what was necessary in the conduct of his business.

The Government appeals against the explicit words of the provision to the purpose of the exclusion laws, which is, it is said, to keep the country free from undesirable Chinese, or if they fraudulently enter, to expel them, and it is insisted that it would be a perfunctory execution of the purpose to let one in who may be immediately put out again. That intention, it is urged, should not be ascribed to the laws, and in emphasis it is said, "such a legislative absurdity is unthinkable." But this overlooks the difference in the security of judicial over administrative action, to which we have adverted, and which this court has declared, and, in the present case, the right that had been adjudged and had been exercised in reliance upon the adjudication.

*Judgment affirmed.*