### Ex parte WU KAO.

(District Court, W. D. Washington, N. D.   December 16, 1920.)

No. 5652.

1. **Aliens ⬅31—Deportation of Chinese temporarily admitted determined by status at admission.**

   Where a Chinese person was temporarily admitted on bond pending determination of his right to enter, his liability to deportation thereafter is to be determined by his status at the time of admission.

2. **Aliens ⬅23 (2)—Mercantile status after temporary admission does not entitle Chinese to judicial inquiry.**

   A Chinese person who was temporarily admitted under bond and who thereafter engaged in mercantile business did not thereby acquire the right to have a judicial settlement of his right to remain which is accorded to resident Chinese persons, but not to those seeking admission who are subject only to executive orders.

Habeas Corpus. Application for the writ by Wu Kao. Writ denied.

Reynolds, Ballinger & Hutson, of Seattle, Wash., for petitioner.
Robert C. Saunders, U. S. Atty., of Seattle, Wash.

NETERER, District Judge. The petitioner, a subject of China, sought admission upon the following certificate:

"American Consulate General, Canton, China, August 12, 1918. This is to certify that this passport has been issued by Mr. Loh Cheng, Commissioner of Foreign Affairs, Canton, to Mr. Wu Kao (Ng Go), who is to proceed to the United States under commission from His Excellency Mo Yung Hein, Military Governor of the Quong Tung province, to investigate matters pertaining to industry. Mr. Wu Kao is accompanied by his secretary, Mr. Lei Chen Huan (Lui Chun Wan). [Signed] C. D. Heinhardt, Vice Consul in Charge." (No fee prescribed.)

Impressed upon which was the American Consulate General of Canton, China, seal.

Admission was denied. Appeal was taken to the Commissioner of Labor, and permission to temporarily enter was granted on condition that a recognizance be given to secure his appearance before the Commissioner of Immigration upon demand. Among other things, the bond recites that:

"And whereas, the evidence submitted by the said person is not considered sufficient to justify admission under the United States Chinese exclusion laws:

"And whereas, pending further investigation or verification of his claim, the said person has been granted permission to land temporarily for the period of one year from December 7, 1918, and proceed to his destination, in accordance with rule 5, paragraph 5, of the Chinese Rules of the Bureau of Immigration, Department of Labor:

"Now, therefore, the condition of this obligation is such that if, in case the said person is allowed to land temporarily and proceed as aforesaid to his destination within the United States, the above-bounden obligor shall cause said person, when required by any officer of the United States mentioned in rule 23 of the rules governing the admission of Chinese, approved May 1, 1917, to appear for any hearing or hearings touching his right to admission into the United States, and  *  *  *  the said person is found by any such

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

officer or by the Secretary of Labor not to be entitled to enter or remain in the United States cause the said person, * * * to be delivered over into the custody of any such officer at the port of entry, whence he was allowed to proceed for return to the country whence he came, and shall cause the said person to be delivered over into the custody of such officer for deportation, unless his case has then been otherwise disposed of, on or before December 7, 1919. * * *"

[1] After admission the petitioner engaged in the mercantile business in California, and shortly after the expiration of the temporary privilege requested permission to remain because of his mercantile status. The hearing was ordered "as of the status" of his arrival, and he was excluded. Appeal has been taken to the Secretary of Labor and his deportation ordered. He contends that he is not subject to executive action and decision, but is entitled to have his right to remain judicially determined, and that he must be proceeded against as provided in section 13 of the act of September 13, 1888 (Comp. St. § 4313), as amended. The rights of the petitioner must be determined as of the date of his application for entry. All of the proceedings show such to be the fact. No proceeding has been taken by the Department of Labor except as it relates to a date of application for admission, and he reported to the Department of Labor in obedience to the recognizance entered into and stipulation then made. No action has been taken by the department in violation of any of the rights given under the Exclusion Act or the treaty.

[2] Since the petitioner was not admitted, he is not entitled to residential rights, and he may not plead an exempt status which he acquired during the probationary period. What he did in endeavoring to establish a mercantile status was in fraud of the department and out of harmony with the stipulation and recognizance of the temporary admission. Being engaged in such enterprise without residential right, no residential status obtained, and no vested right could follow, as was held by this court in Ex parte Mac Fock (D. C.) 207 Fed. 696. In this case the court said at page 698:

"No lapse of time would ripen such a wrong into a right nor afford a basis upon which to predicate abuse of discretion."

The Supreme Court in White v. Chin Fong (May 17, 1920), 253 U. S. 90, 40 Sup. Ct. 449, 64 L. Ed. 797, distinguished between the situation of a Chinese person in the United States and one seeking to enter it, and held that the former was entitled to a judicial inquiry and determination of his rights, and that the latter was subject to executive action and decision.

The writ is denied.