## CHIN SHEE v. WHITE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit.   June 6, 1921.   Rehearing Denied
August 1, 1921.)

### No. 3619.

1. **Aliens ⬅═32(1)—Chinese woman not entitled to judicial hearing before deportation for prostitution after admission.**

   In view of the provision of Immigration Act Feb. 5, 1917, § 38 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼u), saving from repeal the laws relating to Chinese, except as provided in section 19 (section 4289¼jj), which latter section provides for deportation of an alien engaging in prostitution after entry in the United States, which differs in that respect from the similar proviso in Immigration Act Feb. 20, 1907, § 43, a Chinese woman is not entitled to the judicial hearing granted by Chinese Exclusion Act Sept. 13, 1888, § 13 (Comp. St. § 4313), before her deportation for prostitution after her entry, but may be deported after the executive hearing granted by the immigration laws.

2. **Aliens ⬅═20—Cannot object that law requiring deportation was enacted after entry into court.**

   A Chinese person cannot object that the statute permitting her deportation after executive hearing was enacted after her entry into the country, since the nation has the inherent power to exclude or expel any class of aliens absolutely or on its own conditions.

3. **Aliens ⬅═32(12)—Inclusion in record of correspondence and memoranda not offered at hearing does not deny fair hearing.**

   In proceedings for the deportation of an alien, the inclusion in the record sent to the Commissioner of Immigration and the Assistant Secretary of Labor of letters and memoranda written before petitioner's arrest and not introduced at the hearing does not make the hearing unfair, since bad faith or improper conduct will not be imputed to executive officers because they acquainted themselves with former official action in the case.

4. **Aliens ⬅═32(1)—Technical procedure need not be followed in deportation hearing.**

   Since the statute expressly provides for a summary hearing for the deportation of an alien, it is not necessary that the executive officers observe the technical rules of law and procedure that are accorded to parties in a criminal proceeding.

5. **Aliens ⬅═32(1)—Presence of counsel at preliminary examination not necessary for fair hearing.**

   The fact that an alien was not represented by counsel at a preliminary examination does not make the hearing an unfair one, entitling her to release on habeas corpus, where she was represented by counsel at the final hearing and given full opportunity to examine and cross-examine witnesses.

6. **Aliens ⬅═32(12)—Immaterial statement in record does not prevent fair hearing, where there was sufficient competent evidence.**

   The inclusion in the record of deportation proceedings of an irrelevant hearsay statement by an inspector does not render a hearing unfair, where there was ample evidence of legitimate character to support the finding, since it is inconceivable that the judgment of the Secretary of Labor was controlled by such irrelevant matter.

7. **Aliens ⬅═32(12)—Judgment of Secretary on credibility of witnesses cannot be questioned.**

   The credibility of the witnesses in proceedings for the deportation of an alien is for the Secretary of Labor to pass on, and his judgment can-

not be questioned, so long as the evidence is sufficient to support his conclusion.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus proceedings by Chin Shee, alias Ah Sue, against Henry M. White, as Commissioner of Immigration at the Port of Seattle, Wash. From a judgment discharging the writ (270 Fed. 356), petitioner appeals. Affirmed.

Adam Beeler and John J. Sullivan, both of Seattle, Wash., for appellant.

Robert C. Saunders, U. S. Atty., and R. E. Capers, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This appeal brings in review the judgment of the District Court discharging a writ of habeas corpus sued out by the appellant, Chin Shee, alias Ah Sue, to secure her release; she being held by United States Commissioner of Immigration Henry M. White for deportation as a person unlawfully within the United States. The petition for the writ sets out that the petitioner is restrained of her liberty under the charge that she has no lawful right to be in the United States and should be deported, and further that such imprisonment, restraint, and order of deportation are illegal and not according to law.

The return of the commissioner to the order to show cause shows that the petitioner is lawfully detained by him, for the purpose of deportation, as an alien Chinese woman found practicing prostitution subsequent to her entry into the United States, under and by virtue of an order of the Secretary of Labor of the United States of June 5, 1920, issued and directed to respondent. By reference to the order or warrant, it will be found that the petitioner landed at the port of San Francisco on June 15, 1916, from the steamship Nippon Maru.

The petitioner's reply states that on January 30, 1919, she, having been then and there arrested, was given a hearing by the Commissioner of Immigration at Seattle, Wash., and that said examination was not before a special board of inquiry, but was before an individual inspector of the immigration service.

[1] It is contended on the part of Chin Shee that she, being a Chinese and having entered the United States, is not subject to deportation through executive order, but is entitled to judicial inquiry and determination as to her right to remain in this country. A Chinese person, when charged under the Chinese exclusion statutes with being unlawfully in the United States, is entitled to a hearing before a justice, judge, or commissioner of a United States court, or before a United States court; and, if found and adjudged to be not lawfully entitled to be or remain in this country, it is then declared that such person shall

be removed to the country whence he came. Section 13 of the Act of Congress of September 13, 1888, 25 Stat. 476 (Comp. St. § 4313).

It has been determined that the statute is applicable in view of section 21 and the proviso of section 43 of the Act of Congress of February 20, 1907, 34 Stat. 898, entitled "An act to regulate the immigration of aliens into the United States." Section 21 provides:

"That in case the Secretary of Commerce and Labor shall be satisfied that an alien has been found in the United States in violation of this act, or that an alien is subject to deportation under the provisions of this act or of any law of the United States, he shall cause such alien within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came."

The proviso of section 43 is:

"That this act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent." United States et al. v. Woo Jan, 245 U. S. 552, 38 Sup. Ct. 207, 62 L. Ed. 466.

The question involved was one of construction, whether section 21, which contains the clause "or any law of the United States," in view of the proviso of section 43, was applicable in a case where it was charged that the alien, a Chinese person, was unlawfully within the United States, in that he was found therein in violation of the Chinese exclusion laws. The court held it was not, and therefore that Woo Jan was entitled to a hearing as provided by section 13 of the Act of September 13, 1888. The holding of the court was more recently concretely stated in the case of Edward White, Commissioner, v. Chin Fong, decided May 17, 1920, No. 506, 253 U. S. 90, 40 Sup. Ct. 449, 64 L. Ed. 797, where the court says:

"We had occasion to consider the difference between the situation of a Chinese person in the United States and one seeking to enter it, and held that the former was entitled to a judicial inquiry and determination of his rights, and that the latter was subject to executive action and decision."

It was earlier determined by the Supreme Court, in a case where Chinamen had entered the United States surreptitiously and were arrested in transitu, that they were subject to deportation in pursuance of sections 20 and 21 of the Act of February 20, 1907. United States v. Wong You, 223 U. S. 67, 70, 32 Sup. Ct. 195 (56 L. Ed. 354). The court there said:

"To allow the Immigration Act its literal effect does not repeal, alter, or amend the laws relating to the Chinese, as it is provided that it shall not, in section 43."

In the present case Chin Shee is charged with unlawful practices subsequent to her entry into the United States, which was June 15, 1916. It is sought to deport her in pursuance of section 19 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj). This section provides, among other things, that—

"Any alien who shall be found an inmate of or connected with the management of a house of prostitution or practicing prostitution after such alien shall have entered the United States * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

Section 38 of the act (section 4289¼u) contains a proviso in all respects like the proviso above quoted as contained in section 43 of the act of 1907, with the added words, "except as provided in section 19 hereof." It can scarcely be questioned that with this additional clause section 19 stands to repeal any provisions of the Chinese exclusion statutes not in harmony therewith. Such an intendment is obvious from the plainest reading of the proviso of section 38.

[2] Nor can the appellant complain that the law was enacted after her entry into this country and after her status as to her right to remain here had become fixed. It has long since been settled that every sovereign and independent nation has the right and inherent power to exclude or expel aliens, or any class of aliens, absolutely or upon certain conditions, whether in war or in peace. Fong Yue Ting v. United States, 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905; Wong Wing v. United States, 163 U. S. 228, 16 Sup. Ct. 977, 41 L. Ed. 140. The applicant, therefore, cannot complain that she was not given a judicial hearing within the intendment of section 13 of the Act of September 13, 1888.

[3] The second specification of error here presented is to the effect that the petitioner was not given a fair trial, in that letters, memoranda, statements, etc., from officials and inspectors of the department and witnesses were considered by the Commissioner of Immigration and the Assistant Secretary of Labor, without apprising petitioner of the same, or giving her the right to be heard concerning them.

The letters and memoranda referred to consist of certain correspondence had between the Commissioner of Immigration at Seattle, Wash., and the immigrant inspector at Walla Walla, and between the Commissioner of Immigration and the Commissioner General at Washington, and certain statements and testimony of witnesses, accompanying the correspondence, which were taken before petitioner's arrest. These matters have been included in the record from Washington, and certified here, but they are really not a part of the record made upon the hearing before the inspector upon the charge preferred against applicant looking to her deportation if found amenable to the charge.

While it is true that the Secretary of Labor might with propriety take cognizance of such correspondence and matter accompanying it, it would be extraordinary to impute bad faith or improper conduct to the executive officers because they examined the records or acquainted themselves with former official action. Tang Tun v. Edsell, 223 U. S. 673, 681, 32 Sup. Ct. 359, 56 L. Ed. 606. Furthermore the question here presented has been considered and determined by this court contrary to the contention (Guiney v. Bonham [C. C. A.] 261 Fed. 582, 8 A. L. R. 1282), upon a record quite similar to the present.

[4] The next contention is that the petitioner was not accorded a fair hearing in that the executive officers were arbitrary, and that their

findings were not based upon competent testimony. It should be premised that the statute expressly provides for a summary hearing (Low Wah Suey v. Backus, 225 U. S. 460, 472, 32 Sup. Ct. 734, 56 L. Ed. 1165), and it is not required that the Secretary should, in a hearing for deportation, observe the technical rules of law and procedure that are accorded to parties in a criminal proceeding.

[5] In the present case the petitioner was advised at her preliminary examination that she was entitled to counsel, to which she replied that she did not know what to do. On the same day, January 30, 1919, and probably at the same time, the witness Go Yen was examined, and on the next day Woo Bing was also examined: these without the presence of counsel. It appears, however, that petitioner procured counsel on the 30th, and the Commissioner was notified of the fact on the 31st. Counsel was not present either on the 30th or on the 31st, and it is complained that petitioner was denied the presence of her counsel.

The examination of the petitioner at the time was preliminary in character. Such an examination is permissible under the statute without the presence of counsel. If at subsequent stages of the proceeding she was represented by counsel her constitutional right was fully protected. Low Wah Suey v. Backus, supra. The examination of Go Yen and Woo Bing was but a part of the same preliminary hearing, and the objection that she was not represented by counsel thereat is not vital.

Petitioner was given further hearing on July 31, 1919, at which counsel was present. She was then fully examined, and counsel was accorded the privilege of cross-examination. At this hearing the government also presented certain affidavits, and a transcript of the examination at Walla Walla of Hue Wing, alias Jimmy John, and a record showing that petitioner had been found guilty of vagrancy, to all of which counsel for petitioner gave his assent, waiving any objection to the introduction of the same as testimony in the cause. Petitioner also introduced certain affidavits on her part, which were received in evidence. Thus was the record of the trial completed, and it shows that petitioner was not denied appropriate representation by counsel.

[6] At the preliminary hearing the inspector injected into the record this statement:

"Alien, when arrested on the street, was loudly dressed, bedecked with jewelry, and face painted; it is common knowledge in Chinatown that she is a prostitute, though of course the Chinese, by reason of their peculiar laws among themselves, cannot make affidavit to that effect, because of fear of assassination by a Tong man."

It is complained that such a statement was wholly incompetent to go into the record as evidence against the petitioner. It is clear that the statement was entirely gratuitous; but here again it may be stated that the officers of the government are not bound by the strict rules of evidence applied in criminal cases in courts of justice (In re Jem Yuen [D. C.] 188 Fed. 350), and it is inconceivable that the judgment of the Secretary of Labor was controlled in any degree by the interjection of this bit of irrelevant matter.

[7] There is ample evidence of legitimate character adduced and found in the record to support the finding. The credibility of the witnesses was for the Secretary of Labor to pass upon, and his judgment cannot be questioned so long as the evidence is sufficient to support his conclusion.

Judgment affirmed.