### WHITE, Immigration Com'r, v. CHUNG HIM et al.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

No. 3639.

Aliens ☜51—Statute providing for deportation of "aliens" held applicable to Chinese.

Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), providing for deportation of "any alien" who shall be found to be an inmate of or connected with the management of any house of prostitution after entry into the United States, or who shall receive or share in

☜For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

the earnings of any prostitute, *held* applicable to Chinese aliens, notwithstanding section 38 (section 4289¼u), providing that the act shall not be construed to repeal or alter or amend existing laws relating to immigration or exclusion of Chinese persons, "except as provided in section 19."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alien—Alienage.]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Application by Chung Him and Seid Yam for writs of habeas corpus against Henry M. White, as Commissioner of Immigration at the Port of Seattle, Wash. Writs granted, and defendant appeals. Reversed.

Robert C. Saunders, U. S. Atty., and F. C. Reagan, Asst. U. S. Atty., both of Seattle, Wash., for appellant.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. The Commissioner of Immigration at Seattle has appealed from an order of the District Court discharging appellees, two Chinamen, from custody.

The Chinamen, who have lived in the United States for many years, were arrested in Alaska in 1920, charged with being employees of and connected with the management of a house of prostitution at Ketchikan, Alaska. After hearing before the immigration authorities, deportation was ordered. The Chinamen applied to the District Court for writs of habeas corpus, which, after hearing, were granted, and the petitioners were discharged. The court granted the writs upon the authority of United States v. Woo Jan, 245 U. S. 552, 38 Sup. Ct. 207, 62 L. Ed. 466; Chin Fong v. White, 258 Fed. 849, 169 C. C. A. 569; and Id., 253 U. S. 90, 40 Sup. Ct. 449, 64 L. Ed. 797.

Appellant argues that those cases are irrelevant, in that neither of them was a decision based upon an interpretation of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 959, 960, 4289¼a et seq.), which, it is contended, must control the present case. In United States v. Woo Jan it was held that under the Chinese exclusion laws, which were applicable to that case, the Secretary of Labor, acting within three years from the last entry into the United States, had no jurisdiction to arrest and deport a Chinese alien upon the sole ground that he was found in the United States in violation of the Chinese Exclusion Act. The decision was rested upon a construction of the provisions of the Act of February 20, 1907 (34 Stat. 898), in which it was provided (section 43) that that act should not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent. In the opinion of the court no reference was made to the Act of February 5, 1917, so that we infer that the proceeding was regarded as entirely controlled by the Act of 1907 which was referred to.

White v. Chin Fong is also to be distinguished, in that the question there turned, not directly upon the applicability of the Immigration Act, but upon the facts of the case as to the mercantile status of the

Chinaman in 1911, a year before his departure from the United States. But, as the present case arose in 1920, we must inquire whether the Immigration Act of February 5, 1917 (39 Stat. 874), has any bearing, and, if so, how far it affects the issue. Section 19 of that act (39 Stat. 889 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]) provides that any alien who shall be found—

"an inmate of or connected with the management of a house of prostitution * * * after such alien shall have entered the United States, or who shall receive, share in, or derive benefit from any part of the earnings of any prostitute * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported: * * * Provided further, that the provisions of this section, with the exceptions hereinbefore noted, shall be applicable to the classes of aliens therein mentioned irrespective of the time of their entry into the United States. * * * In every case where any person is ordered deported from the United States under the provisions of this act, or of any law or treaty, the decision of the Secretary of Labor shall be final."

Section 38 (section 4289¼u) provides that the act shall not be construed to repeal, alter or amend existing laws relating to the immigration or exclusion of Chinese persons, or persons of Chinese descent except as provided in section 19. Section 19 is without limitation in its terms, and, unless restricted by express provisions or clear implications, must apply to any alien found to be connected with the management of a house of prostitution, or who shall derive benefit from any part of the earnings of any prostitute. We cannot regard Chinese persons, aliens, as without its meaning, for the provisions of section 38 forbid any construction of the act referred to whereby the provisions thereof are to be held to repeal, alter, or amend laws existing in 1917, relating to the immigration or exclusion of Chinese persons, *except as provided in section 19*. The correct construction, therefore, is that Chinese, as well as other persons connected with or deriving benefits described in section 19, may be arrested and deported as aliens. In Ng Fung Ho et al. v. White, as Commissioner, 258 U. S. ——, 42 Sup. Ct. 492, 66 L. Ed. ——, decided May 29, 1922, the Supreme Court held that the Immigration Act of 1917, by section 19 thereof, has provided that as to aliens unlawfully remaining in the United States, although having entered lawfully, arrest and deportation on executive order are authorized and constitutional. United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354.

In the light of the comprehensive terms of the Act of February 5, 1917, we are of the opinion that the aliens herein charged were subject to deportation, and that the District Court erred in its conclusion.

The judgment is reversed.