**GOON HEN SOO v. JOHNSON, Immigration Com'r.**

(Circuit Court of Appeals, First Circuit. May 29, 1926.)

No. 1897.

Aliens ⬡⟲32(13)—Decision of Executive Department, after fair hearing, that immigrant is not a citizen, is not reviewable by the courts.

An immigrant, seeking admission to the United States, though claiming citizenship, is subject to the immigration laws, and a finding by the Executive Department, on substantial evidence and after a fair hearing, that he is not a citizen, is not reviewable by the courts.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Petition by Goon Hen Soo against John P. Johnson, Commissioner of Immigration,

for writ of habeas corpus. From a judgment and order denying the writ, and remanding petitioner, he appeals. Affirmed.

Warren Ozro Kyle, of Boston, Mass., for appellant.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for appellee. ·

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from an order and judgment of the District Court of the United States for the District of Massachusetts, dismissing a petition for writ of habeas corpus, denying the writ, and remanding the petitioner to the custody of the respondent.

Goon Hen Soo applied for admission at the port of Boston as a citizen of the United States, on the ground that he was the son of a native-born American citizen, Goon Wing Quin, alias Goon Bon Theung. The birth and citizenship of the alleged father 'of the applicant were conceded.

After a hearing before the board of special inquiry at Boston, the applicant was denied admission because the board was not satisfied that the relationship claimed had been reasonably established.

On appeal to the Secretary of Labor, the case was reviewed by the Board of Review, who stated their conclusion as follows:

"It is not believed that the evidence presented satisfactorily establishes that Goon Hen Soo (or Shlur), alias Goon Dong Gwong, is the son of the American citizen alleged to be his father."

The petitioner thereupon filed in the District Court of Massachusetts a petition for writ of habeas corpus, which was denied.

The errors assigned are, in substance, that the petitioner was not accorded a fair trial, that the board of inquiry exacted a higher degree of proof than warranted in law in regard to the relationship of the petitioner to the alleged father, and that the court erred in ruling that the decision of the Department of Labor, that a son of a citizen is an alien subject to deportation, is conclusive upon the court.

"In order to successfully attack by judicial proceedings the conclusions and orders made upon such hearings, it must be shown that the proceedings were manifestly unfair, that the action of the executive officers was such as to prevent a fair investigation or that there was a manifest abuse of the discre-

tion committed to them by the statute. In other cases, the order of the executive officers within the authority of the statute is final." Low Wah Suey v. Backus, 225 U. S. 460, 468, 32 S. Ct. 734, 735 (56 L. Ed. 1165).

See United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369, and Tang Tun v. Edsell, 223 U. S. 673, 681, 682, 32 S. Ct. 359, 56 L. Ed. 606.

The decision must be after a hearing in good faith, however summary. Chin Yow v. United States, supra. And it must find adequate support in the evidence. Zakonaite v. Wolf, 226 U. S. 272, 274, 33 S. Ct. 31, 57 L. Ed. 218.

The contention of the petitioner covered by the fourth assignment of error—that the court erred in ruling that the decision of the Department of Labor that the applicant for admission, although claiming to be the son of a citizen, is subject to deportation, is conclusive upon the court—cannot be sustained.

In United States v. Ju Toy, supra, the Supreme Court said:

"It is established, as we have said, that the act purports to make the decision of the department final, whatever the ground on which the right to enter the country is claimed, as well when it is citizenship as when it is domicile, and the belonging to a class excepted from the exclusion acts."

See Tang Tun v. Edsel, supra, Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010, and White v. Chin Fong, 253 U. S. 90, 40 S. Ct. 449, 64 L. Ed. 797.

In the case last cited the court stated in its opinion:

"In the case of United States v. Woo Jan, 245 U. S. 552 [38 S. Ct. 207, 62 L. Ed. 466] we had occasion to consider the difference between the situation of a Chinese person in the United States and one seeking to enter it, and held that the former was entitled to a judicial inquiry and determination of his rights, and that the latter was subject to executive action and decision."

See, also, Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938, and Johnson v. Kock Shing (C. C. A.) 3 F.(2d) 889.

Whether Congress had the constitutional right to define the word "alien" as including "any person not a native-born or naturalized citizen of the United States," is a question which is not before us. So far as applied to a Chinese person seeking admission under the

claim of citizenship, it has been effectually settled by the above decisions.

We find nothing in the record to sustain the claim that the petitioner was not accorded a fair hearing. There were discrepancies in the testimony before the Immigration Board, and how far these affected the credibility of the witnesses was a matter to be determined by the Immigration Board.

This court has recently held, in Johnson v. Kock Shing, supra, following an unbroken line of decisions, that it is not within the province of the court to weigh the evidence before the Immigration Board; but the probative force of the testimony, including the credibility of witnesses, is not the subject of judicial review.

While the discrepancies disclosed by the testimony of the witnesses relate to matters of a seemingly trivial nature, yet we cannot say as a matter of law that they were not sufficient to justify reasonable minds in arriving at the conclusion reached by the Immigration Board, which was afterwards approved by the Board of Review and the Secretary of Labor.

The order and judgment of the District Court affirmed.