CHAN SING v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
November 14, 1927.

No. 5168.

Aliens ⟨⟩32(18)—Evidence held insufficient to warrant exclusion of Chinese resident returning from visit to China because of fraud in obtaining re-entry certificate.

Petitioner, a Chinese resident, on sworn testimony of two Chinese and four white witnesses that he was a member of a Chinese mercantile partnership having 47 partners, a list of whom was presented, was given a certificate which entitled him to re-enter after a visit to China, but on his return he was denied admission by the Board of Special Inquiry on the ground that the certificate was obtained by fraud, on the sole evidence of a list of members filed by the partnership with the county clerk in compliance with Civ. Code Cal. §§ 2466–2468, and not sworn to, which gave but 8 partners and not including petitioner. Held, that

such evidence was insufficient to sustain a charge of fraud or without further inquiry, to justify the action of the board.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Petition of Chan Sing against John D. Nagle, Commissioner of Immigration for the Port of San Francisco, for writ of habeas corpus. From judgment dismissing the petition, petitioner appeals. Reversed and remanded, with instructions.

George A. McGowan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. In 1920 the appellant went from the United States to China, bearing with him as evidence of his right to return, a form 431 merchant's return certificate. In 1926, upon his return to the port of San Francisco, he was denied readmission on the ground that his certificate had been obtained fraudulently. He applied to the court below for a writ of habeas corpus, on the ground that the decision of the Board of Special Inquiry was unauthorized, and was abuse of the discretion and authority vested in it, and was unsupported by evidence. A demurrer to the petition was sustained, and the writ was dismissed.

The return certificate had been obtained upon evidence that the appellant was an active member in and had an interest of $500 in the Lincoln Market, a Chinese firm at Sacramento consisting of 47 members, of which 20 were silent partners, and having a capital stock of $23,500, each member's interest being $500. The evidence of fraud upon which the appellant's right to return was denied was the fact that on November 18, 1919, and October 8, 1921, the Lincoln Market, in compliance with sections 2466–2468 of the Civil Code of California, which required every partnership doing business under a fictitious name to file with the county clerk a list of the names and addresses of all partners, had filed lists containing the names of but 8 partners, and not including the appellant's name.

Subdivision 11 of rule 15 of the Department of Labor provides that Chinese, applying for preinvestigation on the ground of having been domiciled in the United States as merchants, "shall be required to establish to a reasonable certainty that they are actually owners of the business claimed or members of the firm owning such business." It is not disputed that the appellant complied with the rule. When he made his application, his claim of status as a merchant was subjected to the customary inquiry and investigation. The manager of the Lincoln Market appeared and testified under oath, as did another member of that firm, that the appellant was a partner, and they presented a list of the names of 47 members. About a year prior thereto they had presented to the Immigration service a similar list containing, with one exception, the same names of members. In support of the application, the testimony of four white witnesses was also received.

In the proceedings before the Board of Special Inquiry, resulting in the denial of the appellant's right of re-entry, it is erroneously recited that the list of partners filed with the county clerk was accompanied by a sworn statement. There was no sworn statement, nor did the statute require one, or impose any penalty for failure to comply with its command, other than to deny to the firm or its assignee, until compliance, the right to maintain actions on contracts. No effort was made in the proceeding before the board to investigate the truth of the representations which were made at the time of the issuance of the return certificate, and no witnesses were examined. The board ignored the questions which had been presented at the time of the appellant's departure from the United States, and reviewed and reversed the judgment made at that time, and took away the right that had been exercised under it, and which gave the assurance that the appellant "could go to China and return again." White v. Ching Fong, 253 U. S. 90, 40 S. Ct. 449, 64 L. Ed. 797. In arriving at that conclusion reliance was placed wholly upon the evidence contained in the lists which were filed with the county clerk. We think it clear that fraud cannot thus lightly be established, nor a return certificate thus casually annulled.

The judgment is reversed, and the cause is remanded, with instructions to overrule the demurrer.