**Annie Mae Jones MINCEY, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

Civ. A. No. 4335.

United States District Court
D. South Carolina,
Rock Hill Division.

Jan. 28, 1966.

Melvin L. Roberts, York, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Geddes Hugh Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Previously [1] before this Court on the issue of plaintiff's entitlement to social security benefits on earnings account of claimed deceased husband, the cause returns at request of both parties. The initial hearing before this Court inspired an order of this Court remanding the matter to the Secretary for his appearance and plea [2] before the Court of Common Pleas for York County, South Carolina, to attack the finding of that Court that plaintiff was the legal wife and widow of the deceased wage earner. As noted in the previous decision, by Court Order of July 1, 1963, this Court had remanded the cause for further administrative proceeding under provisions of Sec. 205(g) [3] of the Social Security Act, so that the Secretary has had three opportunities to present a record containing "substantial

1. See Mincey v. Celebrezze, 246 F.Supp. 447 (W.D.S.C.1965).

2. § 10–1213 S.C.Code, for 1962, provides for relief from judgment when party in-

spired by same can satisfactorily assert mistake, inadvertence, surprise, excusable neglect, etc.

3. 42 U.S.C. § 405(g).

evidence" that another than plaintiff is entitled. The Secretary prefers, in lieu of the finding of a State Court of record, to claim the sanctity of the bureaucracy, oftentimes a thorn in the side of justice in this and other courts.

■ The decision does not now turn on the failure [4] of the Secretary to attack, in the forum, the decision of that forum (York County, South Carolina, Court of Common Pleas). The South Carolina Statute allows relief from mistakes of law as well as fact,[5] where due diligence of the offended litigant is shown. This Court allowed 90 days for action.

The Secretary chose not to avail himself of the opportunity, and this Court has before it the spector of a decision of a South Carolina court [6] being opposed by bureaucratic vanity. The record here, such as was used to oppose an award to plaintiffs was and is full of hearsay, misguided opinion, unverified statements. Perhaps the Congress meant for the Secretary to have (and it follows to abuse) the power to say: "Justice—It is I," but this Court does not so read the law.

As was noted before, the matter is again before the Court on Motion for Summary Judgment by both plaintiffs and defendant. The defendant stated he had declined to accept the leave of this Court to enter an appearance in the State Court.

The parties are in agreement that Annie Mae Mincey could legally enter into a common-law marriage when she commenced living with the deceased wage earner about 1947 and that the minor plaintiffs are minor children of Annie Mae Mincey and Sephis Mincey. The only question for determination is whether or not Sephis Mincey was capable of entering into a marriage with claimant. If he was, then plaintiffs are entitled to prevail and draw social security benefits on his earnings.

Claimants are the only persons to file a claim for benefits on the earnings of the deceased wage earner and the record shows the only other possible claimant would have been Sarah McCloud, who is deceased.

The record shows that Sarah McCloud married or lived with a total of seven men before her death May 12, 1963. The record shows that she went through a ceremonial marriage with Reverend T. H. Smith, August 12, 1939, but there is no evidence to prove his death. There is no statement or testimony from any person who saw the body, attended the funeral, saw the grave, or can give any direct proof that he is in fact deceased or when he died. An action was instituted in the Court of Common Pleas of York County in which Sarah McCloud, now deceased, was made a party defendant. She made a special appearance for the sole purpose of objecting to being a party to the action. She was then eliminated as a party defendant and the action proceeded. This action resulted in a Decree dated August 8, 1962 holding claimant, Annie Mae Mincey, to be the lawful widow of Sephis Mincey and the minor children to be his lawful children.

■■ The record further shows that the claimants inherited as the widow and children of the deceased wage earner through the Probate Court for York County in the disbursement of the Estate. This Court is of the opinion, and as a matter of fact, finds and holds, that there is no substantial evidence to support the conclusion of the defendant as Secretary of Health, Education and Welfare that claimants are not the lawful widow and children of the deceased wage earner. Although this Court is not ab-

4. Despite the fact that § 10–1213, S.C. Code, was never intended to protect the stubborn and indifferent. Pruitte v. Burns, 212 S.C. 325, 47 S.E.2d 785.

5. See Savage v. Cannon, 204 S.C. 473, 30 S.E.2d 70.

6. See United States v. Woo Jan, 245 U.S. 552, 556, 38 S.Ct. 207, 209, 62 L.Ed. 466 (1918), where Mr. Justice McKenna pointed out that a court "has the security of procedure * * * where all action which precedes judgment is upon oath and has its assurance and sanctions."

solutely bound by the State Court decision above referred to, especially when the defendant was not made a party to the action, but in this instance he has been given an opportunity to attempt to reopen the Judgment in the State Court, he has declined.

A decision involving the sanctity of a marriage is certainly entitled to be given great weight and consideration (even though the parties themselves seemed to take marital vows lightly) and particularly so in this instance when the only other possible claimant has never contested the rights of these plaintiffs and she is unable to do so since she is now deceased.

There is insufficient substantial evidence to support the Secretary's decision.

Accordingly, the decision of the Secretary is hereby reversed and claimants are held to be entitled to all proceeds allowed to them under the Social Security Act on the basis of the earnings of Sephis Mincey, the deceased wage earner.

The Clerk will enter Judgment accordingly.

And it is so ordered.