20873

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent, v. Chico JOHNSON, Respondent-Appellant.

(252 S. E. (2d) 558)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Raymond G. Halford,* and *Asst. Attys. Gen. W. Joseph Isaacs, Frank H. DuRant,* and *Nan L. Black,* Columbia, *for appellant-respondent.*

*Melton Kligman,* of *Kligman & Fleming,* Columbia, *for respondent-appellant.*

February 1, 1979.

NESS, Justice.

This appeal is from an order vacating a default judgment rendered in a paternity action against respondent Chico Johnson. We reverse and reinstate the original judgment.

The Department of Social Services commenced this suit against respondent to establish a child support·obligation. Johnson appeared at the initial hearing on February 23, 1977, and orally denied the allegations of paternity. Notice was properly given for a hearing on the merits on March 7, 1977. Respondent neither appeared at that hearing nor entered any responsive pleadings. Accordingly, a default judgment was entered ordering Johnson to pay $35 per week in support of the minor child.

In August 1977, respondent was cited for contempt for failure to comply with the support order. Respondent posted a cash bond which was subsequently applied toward his arrearage.

In February 1978, Johnson appeared for further contempt proceedings. At that time, he finally retained counsel and moved to vacate the default judgment pursuant to Code Section 15-27-130 (1976). Johnson neither testified nor called any witnesses in his behalf at the subsequent hearing.

The trial court concluded Johnson failed to establish any mistake, inadvertence, surprise or excusable neglect, finding as a fact that although respondent had notice of the March 7, 1977 hearing, he chose to ignore it. Nevertheless, the trial judge set aside the default judgment. This was error.

Code Section 15-27-130 provides an exclusive remedy for relief from a judgment taken through a party's mistake, inadvertence, surprise or excusable neglect. *Knox v. McKee,* 96 S. C. 418, 81 S. E. 12 (1914); *Brock v. Brock,* 225 S. C. 261, 81 S. E. (2d) 898 (1954). A judgment may not be vacated unless the method provided by this statute is strictly followed. *Anderson v. Toledo Scale Company,* 192 S. C. 300, 6 S. E. (2d) 465 (1939); *Weathers v. Gary,* 228 S. C. 105, 88 S. E. (2d) 871 (1955).

Respondent Johnson failed to show that he was entitled to relief under Code Section 15-27-130. This Court has often stated that a litigant has a duty to keep himself advised of the status of his case and must act with due diligence in order to be granted relief from a judgment taken against him. *Marthers v. Hurst,* 226 S. C. 621, 86 S. E. (2d) 581 (1955); *Pruitte, et al. v. Burns, et al.,* 212 S. C. 325, 47 S. E. (2d) 785 (1948). See also *Mincey v. Celebrezze,* 249 F. Supp. 421 (D. S. C. 1966). Respondent's conduct with respect to the lawsuit pending against him evinced a clear lack of due diligence.

As respondent failed to bring himself within the terms of Code Section 15-27-130, he was not entitled to relief from the default judgment. We reverse the order setting aside the original judgment and reinstate that judgment.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.