## CHIN HOY v. UNITED STATES.

### CHIN LUND v. SAME.

(Circuit Court of Appeals, Sixth Circuit. November 14, 1923.)

Nos. 3824, 3825.

1. **Habeas corpus** ⬤⟳23—**Chinese persons claiming citizenship held entitled to habeas corpus to test claim.**

Where Chinese persons, who entered the United States in violation of the exclusion laws (Comp. St. § 4290 et seq.), were arrested in executive proceedings for deportation, under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), and made a claim of citizenship, supported by substantial evidence, showing that their claim was not frivolous, they were entitled to habeas corpus to have their claim judicially determined, though, having entered the

United States surreptitiously, they were not entitled to the protection of the due process clause of the Fifth Amendment.

**2. Habeas corpus ⬯23—Claim of citizenship, supported by substantial evidence, held not frivolous.**

Where Chinese persons, arrested in executive proceedings for deportation, offered substantial evidence to show their claim of citizenship, the claim could not be regarded as frivolous, so as to warrant denying habeas corpus, even though the departmental officers did not believe petitioners' witnesses.

**3. Constitutional law ⬯314—Review of record in executive deportation proceedings not judicial proceeding, within due process clause.**

The requirement for a judicial hearing, where the claim of citizenship is interposed in departmental proceeding under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), was not satisfied when the judge, on the habeas corpus hearing, searched the record of the deportation proceeding and found therefrom his own conclusion that the claim was untrue.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Habeas corpus proceedings by Chin Hoy and by Chin Lund against the United States. From an order denying the separate applications for writs of habeas corpus, and remanding petitioners to the custody of the immigration authorities, petitioners appeal. Reversed and remanded.

J. B. Waterworth, of Cleveland, Ohio (Waterworth & Waterworth, of Cleveland, Ohio, on the brief), for appellants.

M. A. McCormack, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The above causes involve the same questions and were heard and submitted together. The appellants, Chin Hoy and Chin Lund, were arrested upon a warrant issued under authority of section 19 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj). Upon a full hearing, the Assistant Secretary of Labor found that they were Chinese laborers not in possession of certificates of residence, who had entered the United States in violation of the Chinese exclusion laws (Comp. St. § 4290 et seq.), and subject to deportation.

To prevent the execution of the deportation warrant, the appellants made separate applications to the District Court for writs of habeas corpus. Returns were filed on behalf of J. A. Fluckey, immigration inspector in charge at Cleveland, Ohio. The issues, so joined, were heard by the District Court upon the pleadings and the departmental record. At the conclusion of this hearing the District Court dismissed the separate applications for writs of habeas corpus and remanded the appellants into the custody of the immigration authorities. These causes are here upon appeal from this order of the District Court.

[1] The principal contention on the part of the appellants is that the Department of Labor did not have jurisdiction, for the reason that

each of the appellants claimed to be a citizen, and supported their respective claims by evidence which, if believed, would be sufficient to entitle them to a finding of citizenship. In the disposition of this question it is unnecessary to review the numerous decisions to which our attention has been called by counsel for the appellants and for the United States.

On the 29th of May, 1922, the Supreme Court held, in the case of Ng Fung Ho v. White, 259 U. S. 276, 42 Sup. Ct. 492, 66 L. Ed. 938, that jurisdiction in the executive to order deportation exists only if the person arrested is an alien, that the claim of citizenship is a denial of an essential jurisdictional fact, and that in such cases a writ of habeas corpus will issue to determine this status. Ex parte Reed, 100 U. S. 13, 25 L. Ed. 538; In re Grimley, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636; In re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644; Johnson v. Sayre, 158 U. S. 109, 15 Sup. Ct. 773, 39 L. Ed. 914.

While it is true that the facts in these cases differ somewhat from the facts in reference to the claims of citizenship made by Gin Sang Get and Gin Sang Mo in Ng Fung Ho et al. v. White, in that Gin Sang Get and Gin Sang Mo had been lawfully admitted into this country by the immigration authorities, and were afterwards arrested and held for deportation, while in this case it is claimed by the government that these appellants entered the United States surreptitiously (U. S. v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354), and for that reason the Fifth Amendment to the Constitution does not afford them protection in its guaranty of due process of law, nevertheless, the Supreme Court, in the case first above cited, held that when a prisoner claims citizenship, and makes a showing that his claim is not frivolous, the jurisdiction of the Department of Labor may be tested in the courts by means of habeas corpus.

[2] These appellants claimed that they were born in the United States, and offered some substantial evidence in support of their claims of citizenship. That being true, it cannot be said that their claims in that regard are frivolous, even though the departmental officers did not believe the witnesses who testified on behalf of the appellants in support of their claims.

[3] Nor do we think that the requirement for a judicial hearing is satisfied where the judge on the habeas corpus hearing searches the record of the deportation proceedings and forms therefrom his own conclusion that the claim of citizenship is untrue. Such departmental proceedings are not judicial, and a quasi appellate review by a court does not make them so.