**MAH YING OG v. WIXON, District Director of Immigration, etc.**

No. 9808.

Circuit Court of Appeals, Ninth Circuit.

Jan. 9, 1942.

Stephen M. White, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and L. R. Mercado, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, fifteen years of age, of the Mongolian race and born in China, conceded to be the son of Mah Wing Chuck, arrived at the port of San Francisco and applied for admission on the ground that Mah Wing Chuck was a native born American citizen. The Immigration Board of Special Inquiry found that appellant had not maintained his burden of proving the American birth of the father and denied his admission. On appeal the Attorney General affirmed the decision. Mah Wing Chuck, on behalf of his minor son, petitioned the district court for a writ of habeas corpus against appellee, an order to show cause was issued, and the appellee filed his answer, making a part of it the entire record of the proceedings before the Immigration authorities. Upon this record the case was submitted. The district court denied the petition and this appeal followed.

Appellant to maintain his burden of proof of the father's citizenship showed that in July, 1922, the latter was found by the Immigration Bureau to have been born in the United States and obtained a citizen's return certificate to that effect, which he took with him on a trip to China and upon which he was later readmitted to the United States. Appellant claims that this proof established a prima facie case within the decision of this court in Chun Kock Quon v. Proctor, 9 Cir., 92 F.2d 326, 327.

It appears, however, that the father, contemplating another trip to China, in March, 1934, again sought a citizen's return certificate which was denied him on the ground that he had not shown his American birth. His testimony on the second application was in pertinent matters contradictory to that on his first application.

On the first, the record showed, he testified freely in the English language in response to questions in English, and this ability to speak English was one of the inducements in recognizing his citizenship. On the second hearing he was unable to understand simple pertinent questions in the English language. He stated that in the first hearing he had testified entirely through an interpreter. On the denial of the second citizen's return certificate, the father initiated an appeal. A copy of the record was issued to his attorney and the appeal was abandoned.

Assuming it was the same person at each hearing, the record must have been falsified at the first. Since ability to speak and understand English was in part the reason relied upon for issuing the certificate, its prima facie value is impaired if not negatived. It is a matter of indifference whether the record in the first hearing was the result of fraud or mere error. As error it improperly aided in securing the return certificate relied upon.

There was also in the father's second hearing evidence contradicting his testimony as to his claimed place of residence in San Francisco. He claimed to have resided in a certain building from 1906 until 1918, but it was testified that the building was not constructed until 1914. The father's alleged mother also testified to living in this building for several years prior to the time it was constructed. It was for the Board to resolve these differences, and

its decision that appellant had not maintained his burden of proof as to his father's citizenship should be sustained.

Affirmed.