**UNITED STATES ex rel. MEDEIROS v. CLARK, Attorney General, et al.**

United States District Court.
S. D. New York.

Oct. 28, 1948.

Vincent J. Cuti and L. Ray Glass, both of New York City, for plaintiff.

John F. X. McGohey, U. S. Atty. for Southern District of New York, of New York City (John F. Ryan, Asst. U. S. Atty., and Max Blau, Atty., Dept. of Justice, both of New York City, Immigration and Naturalization Service, of counsel), for defendants.

LEIBELL, District Judge.

The plaintiff Medeiros arrived in New York from a German prison camp on February 21, 1945 on board the S. S. Gripsholm, listed as a repatriated citizen of the United States. He had been captured by the Germans while serving on a merchant ship. Upon arrival in the United States he was detained by the Immigration and Naturalization Service in New York. He was granted a hearing by a Board of Special Inquiry and was held for deportation under an order of "exclusion" based upon a finding that he was an alien without an unexpired visa or other proper papers, that he had been convicted of a felony, and was therefore inadmissible under the immigration laws of the United States. In a habeas corpus proceeding thereafter instituted by Medeiros the District Court dismissed a writ of habeas corpus after a hearing at which "the relator appeared in person and was examined at great length". But as Judge Frank of the appellate court stated in his dissent on the appeal, the relator did not have a trial "de novo" in the District Court on the issue of his citizenship. The dismissal of the writ was sustained on appeal, United States ex rel. Medeiros v. Watkins, 2 Cir., 1948, 166 F.2d 897, 899, the majority of the court holding that "the administrative determination on the question of citizenship in an exclusion proceeding is conclusive so long as a fair hearing was had and there has been no application of an erroneous rule of law." The statute, 8 U.S.C.A. § 153, provides that "the decision of the board of special inquiry adverse to the admission of such alien shall be final, unless reversed on appeal to the Attorney General".

It was the contention of the relator that he had been born in San Francisco on March 16, 1902. The Government maintained that he was born in Bermuda, November 20, 1899. The Circuit Court opinions review the evidence in some detail and give a history of the various steps taken by the Naturalization Bureau in this case since 1929.

On July 20, 1948, the plaintiff commenced an action in this Court by the filing of a complaint praying for relief under Section 903 of Title 8 U.S.C.A. which went into effect ninety days after October 14, 1940 and provides in part, as follows:

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States

for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * *"

The named defendants are the Attorney General of the United States, the United States Attorney for the Southern District of New York, and the District Director of the Immigration and Naturalization Service. They have not yet filed an answer to the complaint. On October 5, 1948 the defendants moved:

"1. To dismiss the action herein because the complaint fails to state a claim upon which relief can be granted;

"2. To dismiss the action herein on the ground that the court lacks jurisdiction of the subject matter hereof;

"3. To dismiss the action as to the defendants McGohey and Watkins on the ground that said defendants McGohey and Watkins are not the proper parties defendants;

"4. To dismiss the action herein on the ground that the plaintiff is not a resident within the Southern District of New York;

"5. That this Court has no jurisdiction to grant plaintiff a trial de novo on the merits; and

"6. That the sole issue herein raised, namely, that of citizenship, has heretofore been decided adversely against the plaintiff herein."

The plaintiff, in his complaint, alleges among other things that he is being held in custody and barred from entry to the United States, that he claims residence in the City of New York within the Southern District of New York, and that he is a national of the United States. On their face and disregarding other allegations, these allegations appear to state a claim for relief within the provisions of 8 U.S.C.A. § 903. See Brassert v. Biddle, 2 Cir., 148 F.2d 134, 136; Ginn v. Biddle, D.C., 60 F.Supp. 530; Attorney General v. Ricketts, 9 Cir., 165 F. 2d 193; Bauer v. Clark, 7 Cir., 161 F.2d 397. However, the complaint contains further recitals relating to the proceedings before the Board of Special Inquiry of the Immigration and Naturalization Service, and the proceedings before the District Court and the Circuit Court of Appeals, and the rulings made therein.

In United States ex rel. Lapides, v. Watkins, 2 Cir., 1948, 165 F.2d 1017, at pages 1018, 1019, where a Board of Inquiry had determined the question of citizenship in an exclusion case, holding that the applicant had lost his citizenship (evidenced by a naturalization certificate) by thirteen years residence in Palestine, the Circuit Court of Appeals of this Circuit, by Swan, Chase and Frank, C.Js., in affirming the dismissal of a writ of habeas corpus, stated per, Chase, C. J.:

"It is unnecessary to consider whether the relator by reason of his claim to citizenship was entitled to a trial de novo in the habeas corpus proceeding. The facts were conceded and no evidence additional to that before the board of special inquiry was offered. On the conceded facts we hold that the relator had lost his citizenship."

The concluding paragraph of that opinion states:

"It may be noted that these proceedings leave the appellant's certificate of citizenship unaffected as such. We do not decide what effect, if any, they have upon his right to sue under 54 Stat. 1171, 8 U.S.C.A. § 903, as interpreted by Bauer v. Clark, 7 Cir., 161 F.2d 397."

Bauer v. Clark was a case where a naturalized citizen was held to have lost his American citizenship by applying for citizenship in the German Reich and joining the German Army. He had sued under 8 U.S.C.A. § 903, alleging that the defendant was threatening to rescind and revoke his citizenship and deport him from the United States. It does not appear that any such proceedings had actually been instituted. Section 903 of Title 8, U.S.C.A. by its plain language affords a person, claiming to be an American citizen, a right to a determination of that question by a district court of the United States. In Perkins v. Elg, 1939, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320, the Supreme Court approved the use of the Declaratory Judgment Act, 28 U.S.C.A. § 400 [now §§ 2201, 2202], where one who claimed to be an American citizen was refused an American passport solely on the ground that she had lost her native born American citizenship. The cause of action under § 903 of Title 8

U.S.C.A., enacted October 1940, is similar to the remedy afforded by the Declaratory Judgment Act. Bauer v. Clark, 161 F.2d 397, at page 400.

Title 8 U.S.C.A. § 501(a) contains a definition of the word "national":

"For the purposes of this chapter (Chapter 11)—

"(a) The term 'national' means a person owing permanent allegiance to a state.

"(b) The term 'national of the United States' means (1) a citizen of the United States, or (2) a person who, though not a citizen of the United States, owes permanent allegiance to the United States. It does not include an alien."

Under § 601 "A person born in the United States, and subject to the jurisdiction thereof" is a national and citizen of the United States at birth.

In the case at bar, the main issue presented is this: Is Medeiros, as he contends, a national and citizen of the United States, having been born in San Francisco March 16, 1902, his father having been at the time a citizen of the United States born in New Mexico and his mother (alleged to have died at his birth) having been an American Indian born in or near Oklahoma; or is Medeiros, as the Government contends, an alien, born in Hamilton Parish, Bermuda, on November 20, 1899, the illegitimate son of a Mrs. Hall, then known as Martha Hodgson, his father being one Jose Medeiros, a Portugese and a former resident of Bermuda. The Board of Special Inquiry held the latter view and excluded the petitioner. The Circuit Court of Appeals in its majority opinion held that [166 F.2d 898] "The evidence was adequate to support this view * * *."

Judge Frank in his dissent stated that "A trial de novo for relator would be but a futile gesture were there no room for difference of opinion about his citizenship" and cites the Lapides case. He pointed out, however, that after the Board had made its order in the Medeiro's case and after the District Court had handed down its first opinion denying a writ of habeas corpus, relator's attorney discovered a Boston death certificate dated 1927 of one Henry Brown, whose name the petitioner, Medeiros, had used when he was committed to the New York County Penitentiary in 1921. It appeared that a Mrs. Hall bore three illegitimate sons to Medeiros, one of whom was located, another went by the name of Henry Brown and there was no definite proof as to the third. Judge Frank was of the opinion that since the death certificate of Henry Brown was an important piece of evidence which was not before the Board ("they had admitted that it was 'extremely difficult to ascertain the true facts as to this man's identity'"), and was not discovered until after the District Court had handed down its first opinion denying a writ of habeas corpus, there should be a trial de novo at which all the evidence would be heard.

As Judge Clark stated in his opinion in Medeiros' case, a long line of decisions has given a literal interpretation to the word "final" as contained in 8 U.S.C.A. § 153. However, § 903 is part of subchapter V of Chapter 11, and it is provided in § 904 that "all Acts or parts of Acts in conflict with the provisions of this chapter [Chapter 11], except for the purposes of section 746 of this title [as to penalties] are hereby repealed." Chapter 11 is known as The Nationality Act of 1940; subchapter V of Chapter 11 is entitled "Miscellaneous" and is a part of Chapter 11.

Section 903 is not mentioned in Judge Clark's opinion, 166 F.2d 897, which cites the Lapides case in the list of authorities for the proposition that "a claim of American citizenship advanced by one applying for admission does not entitle him to a judicial trial of the validity of his claim. Such a person has only the right to a fair hearing by the administrative agency entrusted with the enforcement of the immigration laws."

■ I believe that I am bound by the holding of the majority of the Circuit Court of Appeals in the case at bar. If the Circuit Court of Appeals had not already so ruled I would hold that this Court has jurisdiction of the subject matter of this action under the provisions of §§ 903 and 904 of Title 8 U.S.C.A. I believe that a trial of this action would be a better way to dispose of the complicated issues of fact, with one trier of the facts hearing all the evidence, instead of having a record made up

of the evidence adduced before the Board of Special Inquiry and additional evidence presented at the hearing before a District Judge on a habeas corpus proceeding.

█ The defendants, McGohey and Watkins, the United States Attorney for the Southern District of New York and the District Director of Immigration and Naturalization have moved for dismissal of the action with respect to them on the ground that they are not of the class of officials described in § 903 as proper defendants in a suit of this kind. They are subordinate officials of the Department of Justice, the executive head of which is the Attorney-General, who is also named as a defendant herein. Within the terms of the statute, he is the head of the Department or agency against which the plaintiff seeks relief. Ginn v. Biddle, D.C., 60 F.Supp. 530, and the other defendants are neither necessary nor proper parties. The complaint therefore should be dismissed as to the defendants McGohey and Watkins, on this ground also.

The defendants' motion to dismiss the complaint is granted for the reasons set forth in this opinion.

Settle order.