### MAH YING OG v. CLARK et al.
### Civil Action No. 3308—47.

United States District Court
District of Columbia.

Nov. 22, 1948.

George Morris Fay, U. S. Atty., and Ross O'Donoghue, Asst. U. S. Atty., both of Washington, D.C., for defendants, for the motion.

W. H. Parker, of Washington, D.C., for plaintiff, opposed.

HOLTZOFF, District Judge.

This is an action for a declaratory judgment to adjudicate that the plaintiff is a citizen of the United States by birth.

This action is brought under Section 503 of the Nationality Act of October 14, 1940, 8 U.S.C.A. § 903, which provides, in part, as follows:

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action as against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States."

This controversy arose by reason of the fact that the plaintiff sought to reenter the United States from abroad but was excluded by the Immigration and Naturalization Service as an alien. He claims that he was born in the United States and, therefore, is a natural-born citizen of the United States.

The Immigration and Naturalization Service determined the matter against him and excluded him from entry. This ruling was administratively affirmed by the Attorney General. The plaintiff then instituted a habeas corpus proceeding to review the administrative decision. The petition was denied and the judgment of the District Court denying the petition was affirmed. Mah Ying Og v. Wixon, 9 Cir., 124 F.2d 1015.

The Government now moves for a summary judgment on the ground that the action of the administrative agency and the

subsequent decision of the Circuit Court of Appeals for the Ninth Circuit are res judicata on the question of the plaintiff's citizenship.

The Court is unable to agree with this contention. The provision of the Nationality Code, to which reference has already been made, was new in our law in 1940. Its purpose was to accord a judicial remedy to a person who claims to be a citizen of the United States if this status is denied by an administrative official or administrative body. Citizenship of the United States is a very precious thing and no one's right to this status should be finally adjudicated or determined except by the Courts in a judicial proceeding. This certainly was the view of the Congress in enacting the foregoing provision of the statute.

It is clear that the statute contemplates a trial de novo of the issue of citizenship and not merely a review of the administrative action. Consequently, the mere fact that this matter was determined by an administrative agency, and subsequently in a habeas corpus proceeding, does not bar this suit. We must bear in mind that the issues in a habeas corpus proceeding are narrow and do not open wide the entire subject. The Court is merely called upon to determine, in the habeas corpus proceeding, whether there was substantial evidence to sustain the finding of the administrative body and whether the requirements of the law were complied with and the hearing was fair.

The 1940 statute, however, contemplates a re-opening and a full judicial hearing of the entire issue of citizenship without confining it merely to a review of the administrative action. In a habeas corpus proceeding, the Court might feel that it would have reached a different conclusion than that reached by the administrative agency. Nevertheless, it would be constrained to affirm the action of the administrative agency if there were substantial evidence sustaining such action. In an action for a declaratory judgment under the 1940 Code, however, the Court determines all of the issues de novo.

The Court's attention has been called to a recent decision of the United States District Court for the Southern District of New York in Medeiros v. Clark, 82 F. Supp. 412, where the opposite conclusion was reached. Naturally, this Court considers with respect and deference the decision of any other District Court, even though such a decision is not binding upon it. This is particularly true in this instance because of the fact that the Judge who decided the Madeiros case is a jurist of great ability and one for whom this Court has personal admiration. With all due deference to the decision in the Madeiros case, however, for the reasons stated above, the Court is unable to reach the conclusion that the issue of citizenship is res judicata.

For these reasons, the defendant's motion for a summary judgment is denied.