482

GAN SEOW TUNG v. CLARK, Atty. Gen.

Civ. No. 6528.

United States District Court
S. D. California, Central Division.

March 18, 1949.

Benjamin W. Henderson, of Los Angeles, Cal., for plaintiff.

James M. Carter, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief, Civil Division and Arline Martin, Asst. U. S. Atty., all of Los Angeles, Cal., for defendant.

HALL, District Judge.

This is a proceeding under Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903.

The original complaint in this matter named the Commissioner of Immigration and the local Director of that office as par-ties defendant. A motion to dismiss was filed on several grounds. Among such grounds was the assertion that the parties defendant were improper parties and that the Attorney General of the United States was the proper party. The motion to dismiss was overruled as to all other grounds and sustained on the ground that the Attorney General was the proper party, and could be sued in this District. 83 F.Supp. 480. Thereafter, the plaintiff amended his complaint, naming the Attorney General as the only party defendant.

The defendant answered. The case was set for trial. But on the day before trial, the defendant brought on a motion for judgment on the pleadings. In view of the fact that the witnesses were subpœnæd for the next day, the motion for judgment on the pleadings was submitted and the case proceeded to trial and was completed and stands submitted.

Before coming to a consideration of the merits, it is necessary to dispose of the motion for judgment on the pleadings. That motion is based on two grounds: (1) That the herein issues are res judicata in that the plaintiff (prior to the filing of the instant suit) was refused a writ of habeas corpus by this court on February 3d, 1947, in case No. 6317–Y, and (2) that in any event all of the matters which can be put in issue in this proceeding under Section 503 are res judicata by virtue of the findings of the departmental officials making the order of exclusion against the plaintiff.

■ The question as to whether or not the habeas corpus proceeding is res judicata here turns on the extent of the grant of jurisdiction by Sec. 503 as compared to the power of a court on a habeas corpus proceeding.[1]

■ The power of review in all habeas corpus proceedings of course is limited. But it is unnecessary to inquire into the to-

---

[1] This being a civil action filed under the special grant of jurisdiction contained in Sec. 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, Sec. 2244 of Title 28 U.S.C., New Judicial Code effective September 1, 1948, relating to subsequent or successive writs of habeas corpus has no application here. Nor can the question arising in this case be disposed of by the well settled doctrine that a denial of a writ of habeas corpus is not res judicata as to a subsequent application for such a writ. Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999; United States ex rel. Kennedy, v. Burke, 3 Cir., 173 F.2d 544.

tal extent of that power, or to review the rules established by the many cases on the subject as the question of the power of a court in a habeas corpus proceeding on an exclusion order has been passed on by the Supreme Court, where the petitioner is foreign born, not a previous resident of the United States, and claims citizenship by virtue of paternity by an American citizen, (the case here). In such a proceeding the court cannot proceed de novo and consider and weigh the evidence, but has only power to determine whether or not the departmental hearing given to the petitioner was fair, or if there was an error at law, or if there was some evidence to support the findings. Quon Quon Poy v. Johnson, 1926, 273 U.S. 352, 358, 47 S.Ct. 346, 71 L.Ed. 680; Kessler v. Strecker, 1938, 307 U.S. 22, at pages 34 and 35, 59 S.Ct. 694, 83 L.Ed. 1082.[2]

Actually the inquiry in the habeas corpus proceeding was very narrow. No written return or response of any kind was made and no evidence offered, nor was the record of departmental proceedings before the court. The matter was disposed of summarily on an oral motion to dismiss.

Thus the only question decided was the sufficiency of the bare petition. While no opinion of the court was filed, findings of fact and conclusions of law were made, and it appears from them as well as from the petition that illegality and lack of a fair hearing were asserted on the sole ground that the Immigration and Naturalization Department had refused to take the testimony of the petitioner's mother, residing in Gee Lip village, Ho Nam District, Canton, China, and had refused to continue the proceedings to permit petitioner to take her deposition.

The court held that such refusal was not sufficient for it to be said that petitioner was "denied a full, fair, and complete hearing."

No other issue than the assertion mentioned was raised, in that proceeding, to determine whether or not there was error in the construction of a statute, or if there was sufficient evidence to support the finding of exclusion or if there was any other ground of illegality.

It has been said that a former judgment between the same parties is res judicata, not only as to the right, fact, or other matter directly put in issue and adjudicated, but also as to other matters which "might have been pleaded or litigated", Virginia-Carolina Chemical Company v. Kirven, 1909, 215 U.S. 252, 30 S.Ct. 78, 80, 54 L.Ed. 179. The Government contends that while the plaintiff in the habeas corpus proceeding limited their assertion of illegality only to the above described act of the departmental officials, the petitioner, nevertheless could have raised all of the other questions concerning the legality of the hearing before the departmental officers, so that in the habeas corpus proceeding it could have been determined whether or not the plaintiff was given a fair hearing, or if there was an abuse of discretion, or unlawful conduct on the part the hearing officer, or error in the construction of the statute or any evidence to support the findings of the Board. While it is true that the petitioner could have asserted other grounds than he did, the petitioner had the right to choose to rely for his writ of habeas corpus on the one assertion of the illegality and wrongful conduct of the defendant's departmental officials above described. Actually, that was the only thing before the court, and in such a case it seems to me that that should be and is the extent of the application of the doctrine of res judicata.

The application of the doctrine is not appropriate in this case for another reason. There is one of the essential elements lacking. That element is that the cause of action must be the same. In the habeas corpus proceeding the defendant only sought his liberty, whereas in the instant proceeding the defendant seeks a judgment of the court that he is a citizen of the United States, and in such a case the courts have held that a judgment therein is the equivalent of a certificate of natural-

---

[2] An Exclusion case is to be distinguished from deportation cases in which a substantially supported claim of residence in the United States entitles a petitioner to a judicial trial in a habeas corpus proceeding. Carmichael v. Delaney, 9 Cir., 1948, 170 F.2d 239, and cases there cited.

ization, Chin Wong Dong v. Clark, D.C.W. D.Wash.1947, 70 F.Supp. 648, at page 652; Brassert v. Biddle, 2 Cir., 148 F.2d 134 at page 136. A judgment in a habeas corpus proceeding could not have that equivalent. The courts can only determine, and ultimately decide in a habeas corpus proceeding whether a man is or is not unlawfully *then* restrained of his liberty.

In any event Sec. 503 grants a greater power to the court than exists in a habeas corpus proceeding. Certainly it would take a strained construction of Sec. 503 and require a reading into it of language which is not there to say that it limits the power of a court to only determine whether or not the petitioner was given a fair hearing, or there was an abuse of discretion, or unlawful conduct, or error in the construction of the statute, or if there is any evidence to support any findings made by departmental officials. To so hold would be to practically nullify the statute.

The language in Sec. 903 is very plain. It reads, in the pertinent provisions, as follows:

"If *any* person who claims a right or a privilege as a national of the United States is denied such right or privilege by *any* Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a *judgment declaring him to be a national of the United States.*" (Italics supplied.)

To grant the defendant's contentions would require the court to. insert into the statute after the words "department or agency, or executive official thereof", the following: "except the Department of Justice or the department of the Government having to do with Naturalization or Immigration." No such exception can be read into the statute as that would be judicial legislation. Moreover, from a practical point of view it is usually the Department of Immigration and Naturalization which denies or attempts to deny a right or a privilege to a person on the ground that they are not Nationals of the United States. And that is the very thing which is usually put in issue by an exclusion proceeding.

Clearly, therefore, the power of a court under Section 503 is the power to grant a judicial trial, as to the nationality of such person, unless, as the Government contends, the petitioner foreclosed himself by filing the application for a writ of habeas corpus, instead of originally filing his action under Sec. 503, to which question I will now turn.

The position of the Government is that the petitioner having filed the habeas corpus proceeding cannot subsequently avail himself of Sec. 503, because to permit him to do so, would permit vexatious and successive litigation of the same question. But the answer to that lies in the fact, as heretofore pointed out, that the power of the court is much more narrow and restricted under a habeas corpus proceeding than it is under Sec. 503.

It may well be, had the court granted the habeas corpus writ, and had the departmental officials taken the testimony of petitioner's mother, they might then have granted his admission to the country, and not made the order of exclusion. At least they could not know that they would not do such a thing at the time the petition for the writ of habeas corpus was filed. The petitioner had the right to challenge the validity of that proceeding on that sole legal ground, and, if he failed there he could then file this proceeding under Sec. 503. I conclude, therefore, that the petitioner is not foreclosed because he chose to first file the habeas corpus proceeding.

The foregoing should be sufficient to indicate that the contention of the Government to the effect that the departmental hearings and decisions are res judicata as to a proceeding under Sec. 503 is not sound.[3]

---

[3] There has just come to hand the opinion of Judge Holtzoff of the District of Columbia in Mah Ying Og v. Clark et al., D.C., 81 F.Supp. 696, 697, where the

Coming now to the merits of the case. There was put in evidence the various transcripts of the proceedings had before the departmental officers and agencies. None of these transcripts included the testimony of the petitioner's mother, Ng Shee. By stipulation of the parties, after the within action was commenced, her deposition was taken before a Vice-Consul of the United States, at Canton, China, on written interrogatories, and cross-interrogatories. At the trial, also, the petitioner himself appeared and took the witness stand as did the petitioner's alleged father, as well as an expert on the Chinese language. Great credence is given and must be placed upon the dialect which may or may not be spoken or understood by an applicant for admission to the United States, coming from China, there being great diversity in the tone of voice that is used and in the speaking of the different dialects. Such diversity often occurs in districts which do not lie too far from one another. It appears that the mother was blind. She, therefore could not identify either the photograph of the alleged father of the petitioner or a photograph of the petitioner himself. In that testimony the petitioner's mother, as well as in the testimony of the petitioner and others taken before the Immigration and Naturalization Services, and also at the trial, questions and cross-questions were asked concerning whether or not the petitioner spoke See Yip or Son Yip, and whether or not the mother was a "bound foot woman" or a "natural foot woman", the time and place of the marriage to petitioner's alleged father, the personal history of the mother, and her residence as well as that of petitioner.

Except for the petitioner and his father, the court did not have the benefit of personal observation of the witnesses at the time they testified. But the testimony and statements made at different times in the departmental proceedings and at the trial, by the father, the petitioner, and the mother are so conflicting and contradictory on the above mentioned things and others, that there can not be said to be a preponderance of evidence in favor of the paternity of petitioner by Gon Bie Hoy, the alleged father.

An analysis of these conflicts and contradictions would prolong this memorandum beyond any necessary length. Sufficient to say that they are numerous and irreconcilable,[4] which coupled with the courts observations of the witnesses produced at the trial, leaves the petitioner with having failed to sustain his burden of proof that he is a citizen of the United States.

Judgment will accordingly be for the defendant whose counsel will prepare and submit findings of fact, conclusions of law and judgment in accordance with this memorandum.

---

court held, and properly so, that Sec. 503 "contemplates a trial de novo of the issue of citizenship and not merely a review of the administrative action."

4 "In cases of this character experience has demonstrated that the testimony of the parties in interest as to the mere fact of relationship cannot be safely accepted or relied upon." Siu Say v. Nagle, 9 Cir., 1924, 295 F. 676.