### UNITED STATES ex rel. CHU LEUNG v. SHAUGHNESSY.

No. 283, Docket 21385.

United States Court of Appeals Second Circuit.

Argued June 17, 1949.

Decided July 19, 1949.

Samuel B. Wasserman, New York City, for appellant.

Harold J. Raby, Asst. U. S. Atty., New York City (John F. X. McGohey, U. S. Atty., New York City, on the brief), for appellee.

Before SWAN and CHASE, Circuit Judges, and SMITH, District Judge.

SMITH, District Judge.

Appellant, a Chinese who had had long residence in the United States, returned to the United States in 1948 after a visit to China. He held a United States passport and claimed citizenship by birth. On arrival in New York he was given a hearing before a Board of Special Inquiry of the Immigration and Naturalization Service and was ordered excluded as an alien not in possession of an unexpired immigration

visa. His appeal to the Commissioner of Immigration and Naturalization was denied and his appeal to the Board of Immigration Appeals was dismissed, exhausting his administrative remedies.

He obtained a writ of habeas corpus on the ground of lack of due process in the proceedings before the immigration authorities which was dismissed by order of Judge Clancy. Thereafter, on the petition of counsel, the writ of habeas corpus here in question issued to determine his claim to a judicial hearing on the fact of citizenship of relator as a person whose last permanent residence was in the United States.

The writ was dismissed, somewhat reluctantly, by Judge Kaufman who felt that dismissal was required by the holding of the majority of this Court in U. S. ex rel. Medeiros v. Watkins, 2 Cir., 166 F.2d 897.

The opinion below referred with approval to an exception to the general rule denying judicial trial on a writ of habeas corpus of the fact of citizenship in exclusion cases, where long residence in the United States is shown. The Ninth Circuit has recently held that "residence" is determinative of the claimant's right to a court trial, and ruled that a resident of the United States who is excluded at the border is entitled to a judicial trial of his claim to be a citizen. Carmichael v. Delaney, 9 Cir., 170 F.2d 239; Lee Fong Fook v. Wixon, 9 Cir., 170 F.2d 245.

The considered opinion of this Court in the Medeiros case in 1948 refused to make such an exception on the grounds of residence. We adhere to that full and recent expression and we do so without sharing the reluctance expressed by Judge Kaufman.

The criticism[1] of this general rule in the exclusion cases, which rule was first adopted in U. S. v. Ju Toy, 198 U.S. 253, 25 S.Ct. 644, 49 L.Ed. 1040, loses its force when considered in the light of the provision for court test of nationality contained in the Nationality Act of 1940, § 503, 54 Stat. 1171, 8 U.S.C.A. § 903. The Act as interpreted by the Courts provides for a judicial declaration of the United States "nationality" or "citizenship" of persons claiming rights based upon such nationality or citizenship. Bauer v. Clark, 7 Cir., 161 F.2d 397; Brassert v. Biddle, 2 Cir., 148 F.2d 134; Chin Wing Dong v. Clark, D.C.Wash., 76 F.Supp. 648; Attorney General v. Ricketts, 9 Cir., 165 F.2d 193; Doreau v. Marshall, 3 Cir., 170 F.2d 721. This avenue for judicial determination of his citizenship is open to the relator here.

The order dismissing the writ is affirmed.

---

1 See the dissent of Mr. Justice Brewer in the Ju Toy case and that of Judge Frank in the Medeiros case.