### MAH YING OG v. McGRATH, Attorney General.

#### No. 10543.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 26, 1950.

Decided Dec. 7, 1950.

Warner H. Parker, Washington, D. C., with whom Charles E. Booth, Washington, D. C. was on the brief, for appellant.

Richard M. Roberts, Asst. U. S. Atty., with whom Messrs. George Morris Fay, U. S. Atty. and Ross O'Donoghue and Joseph M. Howard, Asst. U. S. Attys. were on the brief, for appellee.

Before EDGERTON and WILBUR K. MILLER, Circuit Judges, and ROBERT N. WILKIN, District Judge, retired (sitting by designation).

WILKIN, District Judge.

This is an appeal from the judgment of the United States District Court for the District of Columbia dismissing a complaint which was filed by virtue of Section 503 of the Nationality Act of 1940, 54 Stat. 1171, 8 U.S.C.A. § 903, in which the appellant asked for a declaratory judgment of citizenship. This section provides that "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action * * * for a judgment declaring him to be a national of the United States."

The record presents the anomaly of two conflicting judgments on the same point by different judges of the same court.

On May 30, 1940, appellant applied for admission into the United States on the ground that he was a son of a native of the United States, and therefore a citizen. His application was denied by a board of special inquiry, August 8, 1940, and by the Board of Immigration Appeals, November 27, 1940. He then sought relief by petition for writ of habeas corpus filed in the United States District Court for the Northern District, Southern Division, of California. His petition was denied, and on appeal that denial was affirmed by the Court of Appeals of the Ninth Circuit, January 9, 1942. Mah Ying Og v. Wixon, 124 F.2d 1015.

At the request of appellant's father, the case was reopened before a board of special inquiry, which heard testimony as to whether the father was a native, and then ordered that appellant be excluded. On appeal, the Commissioner of Immigration and Naturalization, and subsequently the Board of Immigration Appeals on August 7, 1947, affirmed the excluding order. Section 17 of the Immigration Act of 1917, 39 Stat. 887, 8 U.S.C.A. § 153, provides that "where an alien is excluded from admission into the United States, * * * the decision of a board of special inquiry adverse to the admission of such alien shall be final, unless reversed on appeal * * *."

Then on August 14, 1947, appellant filed his complaint in the District Court for the District of Columbia under Section 503 of the Nationality Act of 1940.

Appellee filed a motion for summary judgment which was argued at a pre-trial hearing and on November 24, 1948, overruled on the ground that the statute (Section 503 above) "contemplates a trial de novo of the issue of citizenship and not merely a review of the administrative action. Consequently, the mere fact that this

matter was determined by an administrative agency, and subsequently in a habeas corpus proceeding, does not bar this suit." D.C., 81 F.Supp. 696, 697.

The action came on for trial on the merits on October 25, 1949. At the conclusion of appellant's case, appellee made a motion for judgment on the ground that the court was bound by the judgment rendered in appellant's petition for habeas corpus in 1940 in California. The motion for judgment for appellee was granted on that ground.

The appellee, however, has in this court abandoned the ground on which the District Court sustained the motion. Appellee's brief states: "At this point appellee wishes to point out that its motion for summary judgment in the District Court was made on the grounds that the complaint did not state a cause of action * * * and that the District Court was bound by the action of the United States Court of Appeals for the Ninth Circuit in the Habeas Corpus proceeding involving appellant. When the District Court granted appellee's motion for judgment at the conclusion of appellant's case it did so on the belief that it was bound by the judgment rendered in appellant's petition for habeas corpus * * *. However, in view of the fact that appellant's case before the Board of Special Inquiry was reopened after the habeas corpus proceeding and additional testimony taken regarding appellant's claim that his father was a native born American, the appellee does not believe that the holding in the habeas corpus proceeding would be binding upon the District Court. However, appellee does feel that the District Court's action was correct because the complaint did not state a cause of action, as the only question open to the court was did appellant receive a fair hearing, and his complaint does not allege that he did not receive a fair hearing, nor did any of the evidence adduced at the trial of the case touch upon this question. As this was the only question open to the District Court, it, therefore, did not err when it granted judgment for appellee. Even though a court may give the wrong reasons for its decision, the decision will be affirmed by an appellate

court if in fact the decision was the correct one."

And the appellee now says that the question presented here is: "Does Section 17 of the Immigration Act of 1924 [1917] making the decision of a Board of Special Inquiry on exclusion of an alien final apply to action brought under Section 503 of the Nationality Act of 1940 to declare appellant a citizen where appellant was born in China of a parent who claims to be a native born American?"

To that question this court gives a negative answer. It is the opinion of this court that neither reason assigned in support of the appellee's motion for summary judgment is tenable—neither the one given by the District Court in sustaining the motion nor the one now pressed by appellee in this court.

This court supports the views expressed by the District Court when it overruled the first motion of appellee for summary judgment and the views of the United States Court of Appeals for the Second Circuit in United States ex rel. Chu Leung v. Shaughnessy, 1949, 176 F.2d 249, wherein, in discussing the rule on habeas corpus in cases of this type (the rule being, substantially, that an adverse administrative finding on a question of citizenship is final, if the hearing was fair), the court said 176 F.2d at page 250: "The criticism of this general rule * * * loses its force when considered in the light of the provision for court test of nationality contained in the Nationality Act of 1940, § 503 * * *. The Act as interpreted by the courts provides for a judicial declaration of the United States 'nationality' or 'citizenship' of persons claiming rights based upon such nationality or citizenship. * * * This avenue for judicial determination of his citizenship is open to the relator here."

The United States District Court for the Southern District of California, Central Division, has likewise held, in Gan Seow Tung v. Clark, 1949, 83 F.Supp. 482, that Section 503 of the Nationality Act of 1940, 54 Stat. 1171, 8 U.S.C.A. § 903, provides for a de novo trial of the facts, and in the recent case of Chin Sick Wing v. Clark,

Civil Action 5048–48 (October 25, 1950) [1] in the District Court for the District of Columbia, is was stated that there is no ambiguity in Section 503 of the Nationality Act of 1940 and that it gives a right to a trial *de novo*.

Judgment reversed and case remanded.

1. No opinion for publication.