**718**

**Ex parte GROS.**
**No. 33426.**

United States District Court,
N. D. California, S. D.

June 16, 1954.

I. M. Peckham, San Francisco, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., Charles Elmer Collett

Asst. U. S. Atty., San Francisco, Cal., for respondent.

MURPHY, District Judge.

Petitioner, after deportation proceedings and a hearing before the Immigration Authorities, was ordered deported under Sections 13 and 14 of the Immigration Act of 1924, 43 Stat. 153, 161, 162, as an alien who at the time of his last entry was an immigrant not in possession of a valid immigration visa and not exempted from the presentation thereof by law. No appeal to the Board of Immigration Appeals was taken and on April 17, 1953 the Administrative Order became final. Petitioner then applied to this Court for a Writ of Habeas Corpus on the ground that he is a citizen of the United States and a resident of California and therefore entitled to a judicial hearing on the issue of his citizenship.

The question of his citizenship was the only contested issue in a hearing involving some 254 pages of transcript and some 60 documentary exhibits.

The Special Inquiry Officer found that petitioner's testimony that he was born in Minneapolis, Minnesota to parents who were German nationals was disproved by other evidence presented at the hearing. He further found that even if petitioner was a native born citizen he expatriated himself by his voluntary acts and conduct during a later long residence in Germany.

A detailed résumé of the testimony and the exhibits will serve no useful purpose. It is enough to say that after careful examination of the record of the deportation proceedings I am of the opinion that petitioner's testimony coupled with the documentary evidence was substantial and would, if believed, support a finding that petitioner is a native born citizen of the United States who had not expatriated himself and who resided at the time of his arrest for deportation in the State of California.

In this posture of the evidence I am of the opinion that petitioner is entitled to a judicial trial on the issue of his citizenship. Ng Fung Ho v. White, 1922, 259 U.S. 276, 42 Sup.Ct. 492, 66 L.Ed. 938; Espino v. Wixon, 9 Cir., 1943, 136 F.2d 96; Riley v. Howes, 1 Cir., 1928, 24 F.2d 686; Chin Hoy v. U. S., 6 Cir., 1923, 293 F. 750. See U. S. ex rel. Bilokumsky v. Tod, 1923, 263 U.S. 149, 152, 44 S.Ct. 54, 55, 68 L.Ed. 221; Kessler v. Strecker, 1939, 307 U.S. 22, 34, 35, 59 S.Ct. 694, 700, 83 L.Ed. 1082.

The Government argues that Ng Fung Ho v. White involved a person admitted to the U. S. as a citizen and since petitioner's prior entry was on a German Passport he is not entitled to the protection of a judicial hearing. With this I cannot agree. In this Circuit such a trial has been held to be mandatory under the posture of like evidence in a deportation hearing where petitioner was once admitted as a Mexican national, giving his birthplace as Mexico and where he had later been deported in a proceeding in which he again asserted Mexico as his place of birth. Espino v. Wixon, supra. The same result has been reached in other circuits where petitioner's entry was surreptitious, Chin Hoy v. U. S., supra, or where entry was as a Canadian citizen. Riley v. Howes, supra.

The effect of Section 503 of the Nationality Act of 1940 and Section 360 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1503(a), remains to be assessed. The relation between the procedure made available by these sections and the reason why a judicial trial on the issue of citizenship may be obtained by the use of the Writ of Habeas Corpus is important in this inquiry.

The basis for this use of the Writ set forth in Ng Fung Ho v. White is that jurisdiction exists in the executive to order deportation only if the person arrested is an alien; and that due process requires that a judicial deter-

**720**

mination of this jurisdiction be available before one residing in the U. S. who claims to be a citizen may be deported. This principle finds explicit expression in Kessler v. Strecker, 307 U.S. 22, at pages 34, 35, 59 S.Ct. 694, at page 700, 83 L.Ed. 1082:

> "The status of the relator must be judicially determined, because jurisdiction in the executive to order deportation exists only if the person arrested is an alien; and no statutory proceeding is provided in which he can raise the question whether the executive action is in excess of the jurisdiction conferred upon the Secretary."

At the time both Ng Fung Ho and the Kessler case were decided no such statutory proceeding, no judicial remedy other than habeas corpus existed in which the jurisdiction to deport—i. e., alienage, could be determined. The 1940 Act provided and the 1952 Act, with exceptions relating to exclusion proceedings not material here, now provides for persons within the U. S. a method of obtaining a judicial determination of citizenship.

Viewed in the perspective of the extraordinary nature of the Writ of Habeas Corpus, the argument that the present existence of another judicial remedy to test the jurisdiction of the executive to deport should now preclude a judicial trial reached through the avenue of this extraordinary writ has strong appeal. But Espino v. Wixon, 9 Cir., 1943, 136 F.2d 96, was decided after Section 503 of the Nationality Act of 1940 became effective. Although this argument was not directly passed upon, I am nevertheless governed by that case. Compare Carmichael v. Delaney, 9 Cir., 1948, 170 F.2d 239, with U. S. ex rel. Chu Leung v. Shaughnessy, 2 Cir., 1949, 176 F.2d 249, at page 250.

The question of expatriation is included in the question of citizenship. It, too, will be determined at the trial. Riley v. Howes, 1 Cir., 1928, 24 F.2d 686.
The writ will issue.