**George Nick SKAROS, also known as George Nicholaos Skaros, Plaintiff,**

**v.**

**Herbert BROWNELL, Attorney General of the United States, and Joseph M. Swing, Commissioner of the United States Immigration and Naturalization Service, Defendants.**

**Civ. A. No. 7340.**

United States District Court
W. D. New York.

Sept. 19, 1957.

erative costs. See also Note 5, supra, and page 2 of the Hushebeck Affidavit.

14. Note 9, supra.

**64**

Louis Perlmuter, Buffalo, N. Y., for plaintiff.

John O. Henderson, U. S. Atty., Buffalo, N. Y. (Frederick W. Danforth, Jr., Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendants.

MORGAN, District Judge.

The plaintiff was arrested in connection with deportation proceedings by the Immigration and Naturalization Service on January 18, 1954 with a subsequent deportation order being issued against the plaintiff on or about October 4, 1956. The plaintiff brought a declaratory judgment action asking (1) that he be adjudged a citizen and (2) dismissing and cancelling the order of deportation issued by the Immigration and Naturalization Service.

The defendant now moves to dismiss the complaint for failure to properly show jurisdiction of this court and subject matter in that the plaintiff has failed to plead the appropriate section of the United States Code and the language thereof. Defendant, Joseph M. Swing, asks that the complaint be dismissed as to him, as he is not a proper party defendant.

▮ The complaint is dismissed in its entirety unless within 20 days from the date of the entry of the order pursuant to this decision, the plaintiff files an amended complaint alleging section 1503 of Title 8 U.S.C.A. and pleads affirmatively that the plaintiff claims a right or privilege as a national of the United States and that he is being denied such right or privilege by a department or independent agency of the United States Government.

▮ The complaint as against Joseph M. Swing, Commissioner of the United States Immigration and Naturalization Service is dismissed in any event, as within the term of the statute, the Commissioner of Immigration and Naturalization is not a proper and necessary party to the action. United States ex rel. Medeiros v. Clark, D.C., 82 F.Supp. 412; Lee Hong v. Acheson, D.C., 110 F.Supp. 60; Reaume v. United States, D.C., 124 F.Supp. 851.

Enter order in accordance with this decision.